CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 12 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SANDRA L. ALLEN, | ) | CASE NO. 3:05CV00031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's February 8, 2002 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 56 years old with at least a high school education (or the equivalent) and with past relevant work as a security guard, hostess, sales clerk, pharmacy clerk and secretary, had not engaged in substantial gainful activity

since her alleged date of disability onset, November 29, 2000[1]; and was insured for benefits at least through the date of his October 24, 2003 decision. (R. 21-22, 25.) The Law Judge further found that plaintiff has disorders of the back and arthritis, which are severe impairments, though not severe enough to meet or equal any listed impairment.[2] (R. 22, 26.) The Law Judge was of the view that plaintiff's subjective allegations were "generally credible," and that she retained the residual functional capacity to perform light work, or work which requires maximum lifting of 20 pounds and frequent lifting of 10 pounds. (R. 23, 26.) As limitations on this finding, the Law Judge noted that plaintiff needed unskilled work with a sit/stand position. (R. 24.) Because plaintiff's past relevant work, as she performed it, was medium exertional work and she was only capable of performing a limited range of light work, the Law Judge determined that plaintiff could not return to her past relevant work. (R. 24, 26.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as a cashier, order clerk, and grader/sorter were available to plaintiff. (R. 25.) Thus, the Law Judge determined that she was not disabled under the Act from November 29, 2000 through January 5, 2002. (R. 25, 26.) The Law Judge further concluded that because of the claimant's "advanced age[3]" as of January 6, 2002, she could no longer adjust to work in the national economy, and was therefore disabled on

---

[1] In her application, plaintiff originally asserted that her disability onset date was January 6, 2002 but subsequently changed the date to November 29, 2000. (R. 21.)

[2] The Law Judge gave special consideration to Listing 1.04. *See* 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.04.

[3] A person of "advanced age" is at least fifty-five years old. 20 C.F.R. § 404.1563(e). The Law Judge noted that as of January 26, 2002, plaintiff was 54 years and 6 months old, and that for purposes of the decision could be considered of advanced age at that time.

that date.[4] (*Id.*)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 11-13.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

It is undisputed that plaintiff was found to be disabled with an onset date of January 6, 2002. Plaintiff seeks an award of an additional closed period of disability: November 29, 2000 through January 5, 2002. In a brief filed in support of her motion for summary judgment, plaintiff contends that the Commissioner's decision that she could perform limited light work is not supported by substantial evidence, and that the Commissioner's decision is the result of legal error.

Initially, plaintiff offers that the evidence shows that she was limited to sedentary work during the relevant time period. The undersigned notes that most of the evidence cited in plaintiff's brief which she contends supports her claim that she was limited to sedentary work consists of doctors' evaluations performed *after* the relevant time period (i.e. after January 5, 2002). (*See* R. 202 (February 6, 2002); R. 218-19 (October 19, 2002); R. 208 (January 17, 2002).) Rather than supporting her contention, the substantial evidence supports the Law Judge's finding that plaintiff was capable of performing limited, light work during the relevant time period. As an example, in October 2000, Robert F. Lehman, M.D. concluded that plaintiff was capable of performing *light work* which did not include repetitive bending with a thirty pound

---

[4]*See* 20 C.F.R. § 404.1563(e) Pt. 404, Subpt. P., App. 2, Rule 202.06 (light).

3

weight limit and only occasional lifting.[5] (R. 200.) The next month, Dr. Lehman determined that plaintiff had experienced an "overall improvement" and recommended a "progressive increase in activity." (*Id.*) In December 2000, Dr. Lehman noted that he had *not* advised plaintiff to take a leave of absence from her job for health reasons and that she had *not* been incapacitated or unable to work. (R. 196.) Moreover, he opined that plaintiff *was* able to work, and that the *only* limitation on her ability to work was the fact that she should not lift or carry more than fifty pounds. (R. 196.)

In December 2000, Neil Kahanovitz, M.D. noted that plaintiff was terminated from her job as a security guard weeks earlier for reasons "unrelated to medical problems" and that she reported to him she was "easily" able to lift thirty to forty pounds. (R. 183.) Dr. Kahanovitz opined that had plaintiff was experiencing muscular strain, had shown significant improvement, had no significant residual impairment, and *was* capable of working in an environment that would require lifting up to forty pounds repetitively. (R. 184.) Dr. Kahanovitz concluded that plaintiff did "not need any further treatment other than continuation of a home exercise program," and he anticipated "maximum medical improvement" within two months. (*Id.*)

Plaintiff next argues that the Law Judge committed legal error in that he generally concluded she had exertional/non-exertional limitations, yet he failed to articulate how these limitations impacted her ability to work. Plaintiff contends that this legal error was further compounded by the fact that the Law Judge failed to address these limitations in the hypothetical presented to the VE.

---

[5]As noted above, the Law Judge concluded that plaintiff could perform light work, work which involves lifting no more than 20 pounds at a time. *See* 20 C.F.R. § 404.1567(c).

4

The Law Judge found that plaintiff's ability to perform light work was "reduced in that she required unskilled work with a sit/stand option." (R. 24.) Based upon this finding, the Law Judge's hypothetical provided that plaintiff was limited to performing light work, "unskilled, with a sit/stand option." (R. 267.) Thus, contrary to plaintiff's argument, the Law Judge did set forth specific limitations on plaintiff's ability to perform light work, and these limitations were presented to the VE in the hypothetical.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

April 12, 2006
Date