CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 0 3 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SANDRA LEE ALLEN,<br><br>                *Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>                *Defendant.* | CIVIL ACTION NO. 3:05-CV-00031<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

    By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on April 12, 2006, recommending that this Court enter an order affirming the Commissioner's decision finding Plaintiff entitled to a period of disability commencing January 6, 2002, and granting the Commissioner's motion for summary judgment.

    Plaintiff timely filed Objections to the Report on April 22, 2006, obligating the Court to undertake a *de novo* review of the case. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Plaintiff contends that there is no valid vocational expert ("VE") testimony to establish the existence of jobs which she could perform between the alleged onset date of November 29, 2000, and January 6, 2002, because the VE did not consider (a) evidence of her inability to do more than "occasional lifting"; (b) evidence of her limited ability to perform

repetitive bending; or (c) her need for a "sit/stand option" in sufficient detail.[1]

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Magistrate's Report, the Court overrules all objections. The Commissioner's decision not finding an "occasional lifting" or "repetitive bending" limitation is supported by substantial evidence, given that Dr. Lehman recommended that these activities be avoided for four weeks only, and less than two months later cited Plaintiff's need to avoid lifting or carrying more than 50 pounds as her only limitation. (R. 196, 198). Further, the Social Security Administration and the Fourth Circuit both appear to recognize "sit/stand" or "alternate sitting and standing" limitation as a term of art; a hypothetical posing the need for a sit/stand option without further elaboration of quantitative/durational facts concerning that limitation is sufficient to provide a basis for valid vocational testimony. *See Walls v. Barnhart*, 296 F.3d 287, 290-91 (4th Cir. 2002); SSR 83-12. *Cf. Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005).

Accordingly, it is this day ORDERED that the Report and Recommendation of the United States Magistrate Judge filed April 12, shall be, and hereby is, ADOPTED, in its entirety. The Commissioner's decision is AFFIRMED and her motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED. This case is DISMISSED and stricken from the docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: *[signature]*
U.S. District Court Judge

DATE: May 3, 2006

---

[1] The Law Judge found that Plaintiff retained the RFC "to perform unskilled light work with a sit/stand option." (R. 26 ¶5). Based on this finding, the Law Judge's hypothetical to the VE cited an individual capable of doing "light work, unskilled, with a sit/stand option." (R. 267).